UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY HENDRIX,<br><br>  Plaintiff,<br><br>  v.<br><br>ROSA GONZALEZ, *et al.*,<br><br>  Defendants. | Case No. 1:18-cv-00066-AWI-JDP<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF'S ALLEGATIONS SHOULD NOT BE CONSIDERED UNANSWERED<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Larry Hendrix is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On May 6, 2019, plaintiff voluntarily dismissed his claims for intentional infliction of emotional distress. ECF No. 26. On May 8, 2019, I recommended that defendants' partial motion to dismiss those same claims be denied as moot, and further recommended that "[t]he action should proceed only on plaintiff's First Amendment and Eighth Amendment claims." ECF No. 27 at 1. On July 8, the district judge adopted those findings and ordered that "[t]he action proceeds only on plaintiff's First Amendment and Eighth Amendment claims." ECF No. 28 at 2.

When service is waived, Rule 12 of the Federal Rules of Civil Procedure requires that defendants serve an answer within 60 days after the request for the waiver was sent. In this case, the request was sent on July 24, 2018. ECF No. 16. But Plaintiff's First Amendment and Eighth

1

Amendment claims remain unanswered.  While defendants did file the partial motion to dismiss on October 19, 2018, *see* ECF No. 17, and have elsewhere noted some of the documentary burdens of this case, *see* ECF No. 14, I see no filings from defendants that relate to Hendrix's First and Eighth Amendment claims.  I thus give defendants the opportunity to explain why the court should not (1) view those claims as unanswered and (2) recommend entering judgment against defendants.

Accordingly, defendants must show cause within fourteen (14) days of the date of entry of this order why judgment should not be entered against them.

IT IS SO ORDERED.

Dated:     September 16, 2019                    _____
                                                 UNITED STATES MAGISTRATE JUDGE

No. 205